UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JANELLE SCHNULLE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:21-CV-109 RLW |
| ) | |
| SOMATICS, LLC, ) | |
| ) | |
| Defendant. ) | |

**ORDER CONCERNING JURISDICTION**

This matter is before the Court on review of the file. "Courts have an independent obligation to determine whether subject-matter jurisdiction exists[.]" *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). "Federal Courts are courts of limited jurisdiction. The requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible and without exception." *Kessler v. National Enters., Inc.*, 347 F.3d 1076, 1081 (8th Cir. 2003) (quotation marks and quoted case omitted). Statutes conferring diversity jurisdiction are strictly construed, *Sheehan v. Gustafson*, 967 F.2d 1214, 1215 (8th Cir. 1992), and the burden of proving all jurisdictional facts is on the party asserting jurisdiction, here the Plaintiff. *See McNutt v. General Motors Acceptance Corp. of Ind., Inc.*, 298 U.S. 178, 189 (1936). "[T]he court may . . . insist that the jurisdictional facts be established or the case be dismissed[.]" *Id*.

Plaintiff's Complaint asserts that federal jurisdiction exists based on diversity of citizenship. (ECF No. 1, ¶¶ 4-8). The diversity jurisdiction statute, 28 U.S.C. § 1332(a), provides that federal district courts will have "original jurisdiction of all civil actions where the matter in

controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—(1) citizens of different States[.]"

"When jurisdiction is based on diversity of citizenship, the pleadings . . . must set forth with specificity the citizenship of the parties." *Barclay Square Properties v. Midwest Fed. Sav. & Loan Ass'n of Minneapolis*, 893 F.2d 968, 969 (8th Cir. 1990). Complete diversity of citizenship between plaintiffs and defendants is required by § 1332. *Buckley v. Control Data Corp.*, 923 F.2d 96, 97, n.6 (8th Cir. 1991). To establish complete diversity of citizenship, a complaint must include factual allegations of each party's state of citizenship, including allegations of any corporate party's state of incorporation and principal place of business. *Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987); *see* 28 U.S.C. § 1332(a), (c).

Different allegations are required to plead the citizenship of a limited liability company ("LLC"). "An LLC's citizenship, for purposes of diversity jurisdiction, is the citizenship of each of its members." *E3 Biofuels, LLC v. Biothane, LLC*, 781 F.3d 972, 975 (8th Cir. 2015) (quoted case omitted). Thus, for LLCs, the Court must examine the citizenship of each member of the LLC to determine whether it has diversity jurisdiction. *See GMAC Commercial Credit, LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004). For any members of an LLC that are themselves LLCs, partnerships or limited partnerships, information concerning their underlying members or partners must be alleged.[1]

Here, the Complaint alleges that Plaintiff is a Texas LLC with its principal place of business in Venice, Florida. (ECF No. 1, ¶ 5). The Complaint, however, does not identify the individual members of the LLC or disclose their citizenship. Simply put, Plaintiff's assertions of citizenship, without supporting facts, constitute legal conclusions. To properly establish citizenship of the

---

[1] *See Carden v. Arkoma Associates*, 494 U.S. 185, 195-96 (1990) (for diversity purposes, the citizenship of a limited partnership is the citizenship of each of its partners, both general and limited).

LLC, Plaintiff must identify the citizenship of each of its members. *E3 Biofuels,* LLC, 781 F.3d at 975. For any members of the LLC that are corporations, Plaintiff must establish each corporate member's state of incorporation *and* principal place of business. *Sanders*, 823 F.2d at 216; *see* 28 U.S.C. § 1332(a), (c).[2]

Plaintiff's Complaint is procedurally defective because it does not contain sufficient allegations of jurisdictional facts to establish the existence of diversity jurisdiction. Plaintiff is granted seven days to file an amended complaint that alleges facts showing complete diversity of citizenship between the parties. Plaintiff shall omit all counts dismissed in the Court's Order dated January 21, 2022. (ECF No. 24). Failure to do so will result in the dismissal of this action without prejudice for lack of subject matter jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that by **December 19, 2022**, Plaintiff shall file an Amended Complaint that alleges facts establishing the citizenship of all parties to this action. Plaintiff shall omit all counts previously dismissed by the Court in its Order dated January 21, 2022. (ECF No. 24).

---

[2] The Court acknowledges that Defendant has filed a Disclosure of Organizational Interests that discloses the names of its members and their respective states of citizenship. (ECF No. 35). The Complaint itself, however, must include factual allegations of each party's state of citizenship. *Sanders*, 823 F.2d at 216 ("A complaint must set forth with specificity a corporate party's state of incorporation and its principal place of business.").

3

**IT IS FURTHER ORDERED** that if Plaintiff does not timely and fully comply with this Order, this matter will be dismissed without prejudice for lack of subject matter jurisdiction.

_____
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 12th day of December, 2022.